# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

Civil Action No:

SOUTH BOSTON ALLIED WAR VETERANS COUNCIL

Plaintiffs

V.

THE CITY OF BOSTON and
POLICE COMMISSIONER WILLIAM B. EVANS,
In his official capacity, and
MARTIN J. WALSH, MAYOR OF CITY OF BOSTON,
In his official capacity.

Defendants

## MEMORANDUM IN SUPPORT OF MOTION FOR A TEMPORARY RESTAINING ORDER AND INJUNCTIVE RELIEF

The need for the issuance of a Temporary Restraining Order and Injunctive Relief against the Defendants is urgently needed for the following reasons.

For the past 20 years, the Plaintiffs have organized and conducted a St. Patrick's / Evacuation Day Parade over the same streets that are depicted in the map attached as **Exhibit N**.

The detailed iteration of the streets used by the parade are listed in their Application for a Parade Permit for their 2016 Parade, scheduled for March 20th 2016, **Exhibit O**.

Due to snow accumulation in 2015, the Parade route was shortened as depicted on the map attached as **Exhibit P**.

The Boston Department of Transportation issued a Parade Permit to the Plaintiffs for their 2016 Parade, but modified the Parade route to conform with the shortened Parade route last year.

1

The basis for the shortened Parade route was stated as "BTD has modified the requested parade routes for all parades in the neighborhood of South Boston on Sunday, March 20th, 2016 to mitigate public safety and congestion concerns." **Exhibit Q**. Also, Martin J. Walsh Mayor of Boston, has publicly stated that the change was made due to public safety and to save money.

There is no case law that supports the ability of the entity issuing Parade Permits to do so with unfettered, unrestrained and unbridled discretion. The actions of the Defendants in this case, are beyond the usual efforts to invoke "plausible deniability". Their actions define the word "pretext".

The abuse of discretion by the Defendants as the permitting authority in this action, will devastate a cultural event and cause the loss of the Plaintiffs' fundamental rights of expression that the participants and the spectators have enjoyed for over 70 years.

The overbroad authority by the issuing Parade Permit documented in this case has no justification or confirming authorities in First Amendment jurisprudence.

see: Forsyth County, GA v. Nationalist Movement, 505 U.S. 123 (1992); Freeman v. Maryland, 380 U.S. 51 (1965); Shuttlesworth v. Birmingham, 394 U.S. 147 (1969); Cox v. New Hampshire, 312 U.S. 569 (1941); U.S. v. Grace, 461 U.S. 171 (1983); Heffron v. International Society for Krishna Consciousness Inc. 452 U.S. 640 (1981).

## PLACE

Along the traditional Parade route, the parade passes by significant historical sites that relate to citizens of South Boston that have served their country, Veterans Posts, viewing stands (Gold Star Mothers), and a very important site – Dorchester Heights, where General Washington installed canons from Ft. Ticonderoga that, when viewed by the British, prompted them to evacuate the City of Boston (1776).

The location of the First Amendment activity can be a vital component to the expressions sought. see Nationalist Movement v. City of Boston, 12 F. Supp. 2d 182 (1998) First Circuit; Coalition to Protect the Democratic National Convention, et al v. City of Boston, et al, 327 F. Supp. 2d 61 (2004) First Circuit; City of Ladue v. Gilleo 512 U.S. 43 (1994).

## SPECTATORS

By limiting the time that the Plaintiffs can convey their messages and values, also limits the number of spectators that wish to associate with the Plaintiffs' messages by applauding, cheering and saluting. Project Vote v. Linda Kelly, 805 F. Supp. 2d 152 (2011).

## PRELIMINARY INJUNCTION

Courts within the First Circuit evaluate requests for preliminary injunctive relief according to four criteria (1) the likelihood of success on the merits, (2) the potential for irreparable harm if the injunction is denied, (3) the balance of relevant impositions, i.e. the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues, and (4) the effect (if any) of the court's ruling on the public interest. All four factors counsel in favor of granting preliminary injunctive relief here.

(1) and (2)  On the facts in this case, it is argued that there is no statutory, case law, or constitutional basis for any fact finder that would justify the application of the abuse of discretion that form the basis for the Defendants reduction and suppression of the Plaintiffs' First Amendment activity. Without the ability to convey its messages to all of the spectators who would gather to see the Plaintiffs' parade, the Plaintiffs would suffer irreparable harm.

(3) To conform to the mandates of the protections afforded to the Plaintiffs' speech, protected by the First and Fourteenth Amendments, imposes no harm to the Defendants.

(4) As to the public interest there must be free access by the public to view and associate with the Plaintiffs' messages.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court order that the Defendants, each and every one of them, refrain from interfering with the Plaintiffs' conduct of the March 20th, 2016 St. Patrick's / Evacuation Day Parade, and issue a Temporary Restraining Order enjoining and ordering the Defendants to issue a Parade Permit forthwith that includes the Parade Route requested in the Plaintiffs' original application for its parade on March 20th, 2016. **Exhibit N.**

Respectfully submitted,

/s/ Chester Darling
_____
Chester Darling, BBO 114320
Attorney for the Plaintiffs
9 Mayflower Dr.
Andover, MA 01810
978-475-2520
e-mail:chesterdarling@comcast.net

Dated: March 14th, 2016