**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**CIVIL ACTION NO. 1:16-cv-10519-RGS**

SOUTH BOSTON ALLIED WAR VETERANS COUNCIL,
Plaintiff,
v.
THE CITY OF BOSTON, POLICE COMMISSIONER WILLIAM B. EVANS, in his official capacity, and MAYOR MARTIN J. WALSH, in his official capacity
Defendants.

**DEFENDANTS POLICE COMMISSIONER WILLIAM B. EVANS AND MAYOR MARTIN J. WALSH'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I.   **INTRODUCTION**

Now come the Defendants, Police Commissioner William B. Evans, in his official capacity (hereinafter "Commissioner Evans"), and Mayor Martin J. Walsh, in his official capacity (hereinafter "Mayor Walsh"), and hereby move this Honorable Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Plaintiff's Complaint against them on the grounds that the Plaintiff has failed to state a claim for which relief can be granted. More specifically, because the claims against Commissioner Evans and Mayor Walsh are duplicative of the claims raised against the City of Boston in this matter, they must be dismissed. For the reasons set forth herein, Commissioner Evans and Mayor Walsh hereby move to dismiss the Complaint as failing to state a claim for which relief can be granted.

II.   **FACTUAL BACKGROUND[1]**

This case arises from Plaintiff's allegations that the City of Boston (hereinafter "City"), Commissioner Evans, and Mayor Walsh abridged Plaintiff's federal constitutional rights.

---

[1] For the limited purposes of its Motion to Dismiss, the Defendants assume the following facts, as set forth in Plaintiff's Complaint, to be true.

1

Plaintiff has held an annual St. Patrick's Day/Evacuation Day Parade (hereinafter "Parade") in the South Boston neighborhood along the same route for the last twenty years, with the exception of 2015, when the route was shortened by the City due to the accumulation of snow along the Parade route. (See Complaint (Docket No. 1), Pars. 13, 15, Exhibit B). Plaintiff contends that on February 22, 2016, during a meeting with representatives of the City's Transportation Department, Police Department, Special Events Staff, Inspectional Services Department, and the Massachusetts Bay Transit Authority Police Department, City officials first notified Plaintiff that the Parade must follow a shortened route for 2016. (Complaint, Par. 16, Exhibit C). Plaintiff contends that City officials requested that the Plaintiff make submissions to the City relating to Plaintiff's desire to have their traditional Parade route restored. (Complaint, Par. 17). Parade organizer Tim Duross wrote a letter to the City's Transportation Department Commissioner Gina Fiandaca requesting that Plaintiff be allowed to utilize the traditional Parade route for its 2016 Parade. (Complaint, Par. 19, Exhibit E).

On February 26, 2016, the City's Transportation Department issued a permit to Plaintiff for the 2016 Parade. (Complaint, Par. 20, Exhibit F). The permit notified Plaintiff that the City's Transportation Department had modified all parade routes in South Boston on Sunday March 20, 2016, in order to mitigate concerns regarding public safety and congestion. (Complaint, Par. 20, Exhibit F).[2] The route for the 2016 Parade would follow the same shortened route as the 2015 Parade. Plaintiff contends that Mayor Walsh provided a media interview in which he "announced that the basis of the shortened route was due to 'public safety' and the City's concern regarding expenses." (Complaint, Par. 22).

---

[2] Veterans for Peace also submitted an application for a permit for a parade on March 20, 2016, along the same route as the Plaintiff's Parade. The City's Transportation Department issued permits to both groups with identical modified routes.

2

Plaintiff filed the instant Complaint against the City, Mayor Walsh and Commissioner Evans on March 14, 2016. (Docket No. 1). Plaintiff has stated a claim against both Mayor Walsh and Commissioner Evans in their official capacity. (Complaint, Pars. 11 and 12). In the Complaint, Plaintiff has asserted a single count for Violation of 42 U.S.C. s. 1983. In Count I, Plaintiff contends that Mayor Walsh violated the Plaintiffs' rights to free speech, assembly and association "in violation of due process of law protected by the First and Fourteenth Amendment of the Constitution of the United States." (Complaint, Par. 27). Defendants Mayor Walsh and Commissioner Evans now move to dismiss the Complaint because the allegations against them are duplicative of the Plaintiff's claims against the City.[3]

### III.   ARGUMENT

#### a.   Motion to Dismiss Standard

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*; citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (citations omitted). A plaintiff must set forth in his complaint "factual allegations, either

---

[3] The City is filing its Answer separately.

direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Twombly*, 550 U.S. at 570.). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556.).

As set forth belief, the Plaintiff has failed to state a claim for which relief can be granted with respect to its claims against Mayor Walsh and Commissioner Evans.  Plaintiffs have no legal cause of action against Mayor Walsh and Commissioner Evans in their official capacity, as such claims lie against the City.  Accordingly, Defendants Mayor Walsh and Commissioner Evans respectfully request that this action be dismissed with prejudice.

    **b.** **Claims Against Commissioner Evans and Mayor Walsh In Their Official Capacity Are Properly Designated As Claims Against The City Of Boston.**

Civil claims brought against government officials in their official capacity are to be designated as claims against the governmental entity. *Stratton v. City of Boston*, 731 F. Supp. 42, 46 (D. Mass. 1989). "Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989); *See Also Brandon v. Holt*, 469 U.S. 464, 471 (1985) (official capacity suit is…to be treated as a suit against entity).  "As a result, it is no different from a suit against the State itself."  *Id.*; *See Also Kentucky v. Graham*, 473 U.S. 159 (1985) (official capacity suit not against official personally, for the real party in interest is entity).  Any actions against a public official in his or her official

capacity is "only another way of pleading" an action against the public entity that the official represents. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978).

Additionally, this Court has reasoned that claims based on actions of a police commissioner are to be designated as claims against the municipality to avoid misunderstandings that flow from ambiguity with respect to whether the commissioner is being sued in his individual or official capacity. *Stratton*, 731 F. Supp. at 46; *see also Murphy v. Town of Natick*, 516 F.Supp.2d 153, 158 (D. Mass. 2007) ("Under both Massachusetts and federal law, a suit against a municipal police department or its chief (in his or her official capacity) is deemed to be a suit against the municipality itself."); *Chute v. City of Cambridge*, 201 F.R.D. 27, 29 (D. Mass. 2001) ("It is well settled that filing a civil action against a city official in that person's official capacity is simply another way of suing the city itself."); *Britton v. Maloney*, 901 F. Supp. 444, 449 (D. Mass. 1995) (civil rights claims against police commissioner and mayor alleging that a gun belonging to a census taker was unlawfully seized are, in effect, claims against the City of Boston).

Plaintiff's claims against the City encompass those allegations against Mayor Walsh and Commissioner Evans, acting in their official capacity.  The Complaint alleges a single comment made by Mayor Walsh to a media outlet concerning the reasons for the City's decision to shorten the Parade route.  The Complaint does not assert a single fact alleging wrongdoing by Commissioner Evans.  Count I, the only count in the Complaint, is asserted against the City, not Mayor Walsh or Commissioner Evans.  In any event, any alleged actions taken by Mayor Walsh or Commissioner Evans relative to the Plaintiff's permit application were as agents of the City, not a separate legal entity. There is no set of facts that would support claims against Mayor Walsh and Commissioner Evans that are not duplicative of those already filed against the City.

As a result, the Plaintiff's claims against Mayor Walsh and Commissioner Evans must be dismissed.

Furthermore, the Court should direct that Commissioner Evans and Mayor Walsh's names be removed from the caption of this case and any future filings to avoid confusion regarding whether they are to be held individually liable. In any event, Plaintiff properly named the governmental entity, the City, as a defendant. Accordingly, Plaintiff's claims against Mayor Walsh and Commissioner Evans in their official capacity should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Defendants Commissioner Evans and Mayor Walsh respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

DEFENDANTS, POLICE COMMISSIONER
WILLIAM B. EVANS, AND MAYOR
MARTIN J. WALSH

Eugene O'Flaherty,
Corporation Counsel

By their attorneys,

/s/ Peter Geraghty
Peter Geraghty, BBO No. 664197
Special Assistant Corporation Counsel
Boston Police Department
Office of the Legal Advisor
1 Schroeder Plaza
Boston, MA 02120
Tel: 617.343.4550
Peter.Geraghty@pd.boston.gov

/s/ Catherine Lizotte
Catherine Lizotte, BBO No. 666468
Senior Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
Tel: 617.635.4022
Catherine.Lizotte@boston.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

| | |
|---|---|
| June 21, 2016 | /s/ Peter Geraghty |
| Date | Peter Geraghty |