UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:16-cv-10519-RGS

SOUTH BOSTON ALLIED WAR VETERANS
COUNCIL,
Plaintiff,
v.
THE CITY OF BOSTON, POLICE
COMMISSIONER WILLIAM B. EVANS, in his
official capacity, and MAYOR MARTIN J.
WALSH, in his official capacity,
Defendants

## ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANT TO THE PLAINTIFF'S COMPLAINT

Defendant City of Boston ("City") answers the allegations contained in the numbered paragraphs of the Plaintiff's, South Boston Allied War Veterans Council's Complaint as set forth below.

## NATURE OF THE ACTION

1. Paragraph 1 consists of legal argument and conclusions to which no response is required. To the extent that paragraph 1 purports to allege facts against the City, the City denies them.

## JURISDICTION

2. Paragraph 2 consists of legal argument and conclusions to which no response is required.

3. Paragraph 3 consists of legal argument and conclusions to which no response is required.

4. Paragraph 4 consists of legal argument and conclusions to which no response is required.

## A BRIEF STATEMENT OF THE CASE

5. The City admits the allegations contained in the first sentence of paragraph 5 of the Complaint. The City is without knowledge or information sufficient to admit or deny the allegations in the second and third sentences of paragraph 5 of the Complaint.

6. The City admits the allegations contained in paragraph 6 of the Complaint.

7. The City admits the allegations contained in the first sentence of paragraph 7 of the Complaint. The City admits the allegation in the second sentence of paragraph 7 that the "reasons given by the City were that the action was taken due to public safety," but denies the remaining allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 set forth legal conclusions to which no response is required. To the extent that the allegations contained in paragraph 8 allege facts against the City, they are denied.

## PARTIES

9. The City is without knowledge sufficient to admit or deny the allegations contained in paragraph 9.

10. The City admits the allegations contained in paragraph 10 of the Complaint.

11. The City admits the allegations contained in paragraph 11 of the Complaint.

12. The City admits the allegations contained in paragraph 12 of the Complaint.

## FACTS OF THE CASE

13. The City admits the allegations contained in paragraph 13 of the Complaint.

14. The allegations contained in paragraph 14 of the Complaint refer to documents that speak for themselves.

15. The City admits the allegations contained in paragraph 15 of the Complaint.

16. The City admits the allegations contained in paragraph 16 of the Complaint.

17. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 17 of the Complaint.

18. The allegations contained in paragraph 18 refer to a document that speaks for itself.

19. The allegations contained in paragraph 19 refer to a document that speaks for itself.

20. The City does not have sufficient knowledge to admit or deny the allegation in the first sentence of paragraph 20 that the Plaintiff was "stunned" to receive an official permit. The rest of the allegations contained in paragraph 20 refer to documents that speak for themselves.

21. The allegations contained in paragraph 21 refer to a document that speaks for itself.

22. The City admits the allegation contained in paragraph 22 that "Mayor Martin J. Walsh announced the basis of the shortened route was due to 'public safety,'" but denies the rest of the allegations contained in paragraph 22.

23. The allegations contained in paragraph 23 refer to a document that speaks for itself.

24. The allegations contained in the first sentence of paragraph 24 set forth opinion, not factual allegations, and do not require a response. The rest of the allegations contained in paragraph 24 refer to a document that speaks for itself.

25. The allegations contained in paragraph 25 refer to documents that speak for themselves.

## COUNT I

**(Violation of 42 U.S.C. § 1983 – South Boston Allied War Veterans Council v. City of Boston)**

26. The City incorporates by reference its responses to paragraphs 1-25 above, as if fully set forth herein.

27. The allegations contained in paragraph 27 set forth legal conclusions to which no response is required.  To the extent that the allegations contained in paragraph 27 allege facts against the City, they are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant states that at all relevant times it acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

## THIRD AFFIRMATIVE DEFENSE

Defendant states that the Plaintiff has not been deprived of any rights secured by the Constitutions or the laws of the United States.

## FOURTH AFFIRMATIVE DEFENSE

Defendant states that there is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of the Plaintiff's constitutional rights.

Respectfully submitted,
DEFENDANT CITY OF BOSTON,
By its attorneys:

Eugene L. O'Flaherty
Corporation Counsel

/s/ Peter M. Geraghty
Peter M. Geraghty (BBO# 664197)
Special Assistant Corporation Counsel
City of Boston Police Department
One Schroeder Plaza
Boston, MA 02120
(617) 343-4550
Peter.Geraghty@pd.boston.gov

/s/ Catherine A. Lizotte
Catherine A. Lizotte (BBO# 666468)
Senior Assistant Corporation Counsel
City of Boston Law Department
One City Hall Plaza
Room 615
Boston, MA 02201
(617) 635-3215
Catherine.Lizotte@boston.gov

Dated: June 21, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, June 21, 2016, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

| 6/21/16 | /s/ Peter M. Geraghty |
|---|---|
| Date | Peter M. Geraghty |